The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>STEVEN ERIC STRAUSS,<br>Defendant. | NO. CR22-065 JLR<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Cecelia Gregson, Assistant United States Attorney for said District, respectfully submits this Sentencing Memorandum in the above-captioned case.

Defendant, Steven Eric Strauss, is before the Court for sentencing following pleas of guilty to Counts 2 and 3: Possession of Controlled Substances with Intent to Distribute, in violation of Title 21, United States, Code, Sections 841(a)(1), 841(b)(1)(C) and Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). Sentencing is scheduled for May 9, 2023, at 11:00 a.m. at which time the government will move to dismiss Count 1 (Unlawful Possession of a Firearm).


UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

For the reasons that follow, the Court should sentence the defendant to 60 months' imprisonment on Count 2 and 60 months imprisonment on Count 3 to run consecutively to Count 2, followed by a three year term of supervised release, and two $100 special assessments. The government concurs with the conditions recommended by United States Probation. The evidence seized as a result of the below-described investigations remains in in the custody of local agencies and will be forfeited pursuant thereto.

## I. <u>FACTUAL BACKGROUND</u>

The defendant is ineligible to possess firearms due to multiple felony convictions to include convictions for distributing narcotics and unlawful possession of a firearm. *PSR* ¶¶ 33-52. The Statement of Facts contained in the Plea Agreement succinctly captures the defendant's conduct as charged and other relevant conduct considered by the government when coordinating a global resolution for all of the matters described herein. *See* Dkt. 35, ¶ 8.

### <u>Counts 2 & 3: March 2021 Washington State Patrol</u>

The defendant possessed with intent to distribute methamphetamine, heroin, and fentanyl in the Western District of Washington. On March 11, 2021, at 1842 hours, a Washington State Patrol officer stopped a sedan driven by the defendant in the City of Seattle. After identifying the defendant, the officer placed him under arrest and recovered $4,060.00 in the defendant's right front pocket during a search incident to arrest.

Officers located a Ruger Model 10/22 .22LR caliber rifle inside of the red and black backpack located behind the driver's seat that the arresting officer observed the defendant remove his wallet from during the initial contact. The officers secured and towed the sedan and later applied for a search warrant. Relevant evidence located during the subsequently authorized search included:



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Ruger, Model 10/22, .22LR caliber rifle, with serial number 357-5226 with 25 round capacity magazine loaded with 23 rounds of .22LR caliber ammunition from the red and black backpack on the floor behind the driver seat.
- Approximately 140.2 grams (weighed with packaging) of methamphetamine recovered from the black nylon briefcase located on the driver's side rear seat which was for the defendant's personal use;
- Approximately 300.9 grams (weighed with packaging) of methamphetamine recovered from a small striped purse inside the trunk;
- Approximately 88.6 grams (weighed with packaging) of heroin recovered from the black nylon briefcase located on the driver's side rear seat;
- Approximately 319.9 grams (weighed with packaging) of heroin, recovered from the small striped purse inside the trunk;
- 26.5 Grams of fentanyl pills recovered from the black nylon briefcase located on the driver's side rear seat;
- Marijuana weighing approximately 281.3 grams, recovered from the trunk;
- $22,955.00 in U.S. currency, recovered from the small striped purse inside the trunk;
- 3 cell phones;
- 5 digital scales; and
- Numerous plastic baggies.

A law enforcement query of the National Firearm Registration and Transfer Record confirmed no record for the defendant, the above-mentioned rifle, or any other weapons.

The seized $27,015.00 in U.S. currency was proceeds from the distribution of controlled substances. The defendant possessed the above-listed narcotics with the intent to distribute to other people for financial gain. He possessed the seized Ruger, Model 10/22 .22LR caliber rifle, in furtherance of his drug trafficking activities, that is, to protect himself, his drugs, and his drug dealing profits.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Other Conduct**

January 2020 Snohomish County Sheriff's Office

In Snohomish County, in the Western District of Washington in January 2020, the defendant sold methamphetamine and heroin to a confidential informant. After conducting surveillance on the defendant, officers obtained a search warrant for the Everett, Washington home in which the defendant resided and executed the warrant on January 31, 2020. The defendant was arrested carrying two bags which contained the following relevant evidence:

- Approximately 360.8 grams of methamphetamine;
- Approximately 106.6 grams of heroin;
- Approximately 74.5 grams of M30 fentanyl-laced pills;
- A metal tin containing 4 Xanax bars;
- Baggies, scales, pipes rubber bands;
- Suboxone sublingual strips;
- A 9mm Beretta Storm handgun and ammunition; and
- Two cell phones.

Officers found a safe in the closet area directly adjacent to the defendant's bed which contained additional amounts of methamphetamine and heroin, baggies, $14,030.00 in U.S. Currency, and ammunition.

The seized $14,030.00 in U.S. currency was proceeds from the distribution of controlled substances. The defendant possessed the above-listed narcotics with the intent to distribute it to other people for financial gain. He possessed the seized 9mm Beretta Storm handgun, in furtherance of his drug trafficking activities, that is, to protect himself, his drugs, and his drug dealing profits.

//

//


UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

April 2021 Bellevue Police Department

In King County, in the Western District of Washington between April 5, 2021, through April 13, 2021, the defendant sold heroin and methamphetamine to a confidential information on two occasions. Officers obtained a warrant for the defendant's cellphone location and arrested him near his car on April 27, 2021, in Bellevue, Washington.

Officers obtained a search warrant for the defendant's car and located the following relevant evidence:

- A stolen HK pistol with a round in the chamber and a loaded magazine;
- A Jiminez Arms pistol with a loaded magazine;
- $34,036.00 in U.S. Currency;
- Approximately 1,087.585 grams of methamphetamine;
- Approximately 1,105.6 grams of Xanax pills;
- Approximately 1,287.8 grams of heroin;
- Approximately 3.1 grams of fentanyl; and
- Baggies, scales, rubber bands.

The seized $34,036.00 in U.S. currency was proceeds from the distribution of controlled substances. The defendant possessed the above-listed narcotics with the intent to distribute it to other people for financial gain. He possessed the seized HK pistol and Jiminez Arms pistol, in furtherance of his drug trafficking activities, that is, to protect himself, his drugs, and his drug dealing profits.

October 2021 Seattle Police Department

On November 27, 2021, in Seattle in the Western District of Washington the defendant was arrested inside a stolen travel trailer after Seattle Police Officers observed methamphetamine, a scale, baggies, and narcotics pipes. The owner of the stolen travel trailer consented to a search of the trailer during which the officers located the following relevant evidence:



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

- A Kimber Pro Carry semi-automatic firearm with a full magazine and spare loaded magazine;
- A Smith & Wesson HXR4631 handgun with a fully loaded magazine;
- Approximately 298 grams of methamphetamine;
- Approximately 39 grams of heroin;
- Approximately 135.7 grams of M30 fentanyl pills;
- Approximately 1,240 Xanax pills; and
- $9,319.00 in U.S. Currency.

The seized $9,319.00 in U.S. currency was proceeds from the distribution of controlled substances. The defendant possessed the above-listed narcotics with the intent to distribute it to other people for financial gain. He possessed the seized Kimber Pro Carry semi-automatic firearm and Smith & Wesson HXR4631 handgun, in furtherance of his drug trafficking activities, that is, to protect himself, his drugs, and his drug dealing profits.

<u>November 2021 Lynnwood Police Department</u>

On November 27, 2021, in Lynnwood in the Western District of Washington, the defendant was arrested for possessing a stolen disabled placard in his car. The defendant had been wearing two backpacks and carrying a cooler at the time of his arrest. The officer seized the following relevant evidence from the cooler and backpacks:

- A Winchester 90-22 Short .22 caliber rifle and ammunition;
- Approximately 120.9 grams heroin;
- Approximately 1,019.4 grams methamphetamine;
- Approximately 861.8 grams M30 fentanyl pills;
- Approximately 255.57 grams Xanax pills; and
- $31,836.00 in U.S. currency.

The seized $31,836.00 in U.S. currency was proceeds from the distribution of controlled substances. The defendant possessed the above-listed narcotics with the intent to



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

distribute it to other people for financial gain. He possessed the seized Winchester 90-22 Short .22 caliber rifle, in furtherance of his drug trafficking activities, that is, to protect himself, his drugs, and his drug dealing profits.

March 2022 Seattle Police Department

On March 29, 2022, in Seattle, in the Western District of Washington, Seattle Police Officers arrested the defendant and executed a search warrant upon his car after surveilling the defendant traffic drugs during a series of observed hand to hand transactions. Officers seized the following relevant evidence from the defendant's car:

- Approximately 890.8 grams of methamphetamine;
- Approximately 863.6 grams of heroin;
- Approximately 577.3 grams of M30 fentanyl pills;
- Approximately 14.7 grams of cocaine;
- A Mossberg NC1 9mm pistol with an inserted magazine;
- A Polymer 80 9mm pistol with a round in the chamber and an inserted magazine;
- Digital scales;
- Ammunition, and
- $20,545.00 in U.S. Currency.

The seized $20,545.00 in U.S. currency was proceeds from the distribution of controlled substances. The defendant possessed the above-listed narcotics with the intent to distribute it to other people for financial gain. He possessed the seized Mossberg NC1 9mm pistol and the Polymer 80 9mm pistol, in furtherance of his drug trafficking activities, that is, to protect himself, his drugs, and his drug dealing profits

On May 5, 2022, a grand jury returned a three-count Indictment charging the defendant with Unlawful Possession of a Firearm in violation of Title 18, United States Code, Section 922(g)(1), Possession with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and


UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). Dkt. 17. On January 25, 2023, the Defendant plead guilty to the lesser included offense as to Count 2 and plead as charged to Count 3. Dkt. 35.

## II. GUIDELINES CALCULATIONS

The parties agree the following guideline provisions apply to this case pursuant to the United States Sentencing Guidelines:

| | | |
|---|---|---|
| Base Offense Level | 30 | USSG § 2D1.1(c)(5) |

The defendant accepted responsibility for the offense and pursuant to USSG § 3E1.1(a) the offense level should be decreased by three-levels. The defendant has an extensive criminal history resulting in a Criminal History Score of 9, a corresponding Criminal History Category of VI, resulting in a guideline imprisonment range for Count 2 of 100 -125 months imprisonment. Count 3 carries a mandatory minimum imprisonment term of 60 months' to be served consecutively to Count 2.

## III. SENTENCING RECOMMENDATION

Considering the factors set forth in 18 U.S.C. § 3553(a), the defendant's criminal history, prior lengthy incarcerations, historical noncompliance with the terms of supervision, and distinct criminal offense instances before the Court, the government recommends the Court impose 60 months' imprisonment on Count 2, 60 months' imprisonment on Count 3 to run consecutive to Count 2, followed by a three-year term of supervised release and two $100 special assessments.

### 1. The Nature and Circumstances of the Offense

The United States Probation Office aptly observed that the defendant has experienced jail and significant prison sentences, neither of which deterred him from engaging in criminal conduct. *See Sent. Rec*. at 4. The government agrees with United States Probation Offices'


UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

assessment that the defendant has displayed an "ongoing pattern of criminality which demonstrates his disregard for the law and the community at large." *Id.*

As a prohibited person, the defendant was precluded from possessing any firearms, let alone using them to traffic drugs so prolifically between March 2021 through March 2022. The defendant was arrested following *six different* investigations in the span of one year. . However brief the booking and release processes were for these six incidents, it is clear that they failed to alter any criminal proclivities or otherwise deter the defendant whatsoever. As evidenced by his rapid recidivism, these arrests simply failed to diminish the defendant's threat to community safety.

The defendant's prior encounters with the criminal system also failed to deter or dissuade him from selling drugs and carrying firearms. A review of the defendant's criminal history establishes that from the age of eighteen, the defendant has been in a revolving door of crime commission to prison admission. *PSR* ¶¶ 33 - 52. A review of the PSR criminal history section documents that the defendant has faced increasingly longer sentences, including: 54 months in 1997, 87 months in 1997, 78 months in 2003, and 70 months in 2015. Of the convictions documented therein, five offenses were for possession with intent to distribute/distribution of controlled substances (PSR ¶¶ 38, 45, 46, 47, 52), three involved the defendant in possession of a firearm (PRS ¶¶ 38, 39, 46), and one involved the defendant possessing ammunition (PSR ¶ 52).

A sentence of 120 months total confinement is a necessary and reasonable punishment for the defendant in light of the prolific conduct before the Court, historically imposed punishments, the defendant's substantial threat to community safety, and his personal characteristics as discussed below.

//

//



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

### 2. The History and Characteristics of the Defendant

The defendant reports having experienced a close-knit family, who were able to provide structure and support through his developing years. The defendant reports suffering abuse by other minors which lead to substance abuse and mental health issues. The defendant's prior substance abuse treatment programs failed and his addiction undoubtedly fueled his crimes.

As described above, the defendant's criminal history largely involves drug trafficking offenses. Despite repeated arrests and incarcerations, with each opportunity given the defendant has demonstrated either an inability or unwillingness to engage in pro-social behaviors. Moreover, the defendant has demonstrated a troubled pattern of non-compliance while on supervision. No less than six community custody violations were documented in the PSR criminal history section (PSR ¶¶ 34, 35, 38, 40, 42, 45). At 56 years-old, the defendant has amassed a criminal history score of 9, a pattern of rapid recidivism, and an inability to comply with supervision conditions post sentencing. The government's recommendation of 120 months' total imprisonment is warranted based upon not only the nature and circumstances of the distinct offenses before the Court for sentencing, but in light of the serious, consistent, pattern of crimes routinely perpetrated by the defendant. A sentence of 120 months' total incarceration remains within the guideline range contemplated for Count 2, will protect the public, and one would hope is sufficient to adequately deter the defendant from future criminality.

### 3. Promoting Respect for the Law, Providing Just Punishment, Affording Adequate Deterrence to Criminal Conduct, and Avoiding Unwarranted Sentencing Disparity

Sentencing the defendant to 120 months' total imprisonment followed by three years supervision is warranted based upon the facts of this case and with thoughtful consideration



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

given to the defendant's history, personal characteristics, risk to the community, and the fact that distinct instances of criminal conduct are before the Court.

## IV. CONCLUSION

The government therefore respectfully recommends the Court impose a sentence of 60 months' imprisonment on Count 2 and 60 months imprisonment on Count 3 to run consecutively to Count 2, followed by a three year term of supervised release, and two $100 special assessments. This sentence takes into consideration the aggravating factors associated with the defendant's distinct instances of misconduct, community safety concerns, avoids unwanted sentencing disparity for similarly situated defendants, and factors in the need for the sentence to provide just punishment and promote respect for the law.

DATED this 1st day of May, 2023.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Cecelia Gregson*
CECELIA GREGSON
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Telephone: (206) 553-7970
Facsimile: (206) 553-0755
cecelia.gregson@usdoj.gov