UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ERIC STRAUSS,<br><br>  Defendant. | CASE NO. CR22-0065JLR<br><br>ORDER GRANTING CERTIFICATE OF APPEALABILITY |

Before the court is a docketing notice from the Office of the Clerk of the United States Court of Appeals for the Ninth Circuit, informing Defendant Eric Strauss that "[n]o briefing schedule [for his appeal] will be set until this court and/or the district court determines whether a certificate of appealability (COA) should issue." (Not. (Dkt. # 52).) The court GRANTS Mr. Strauss a certificate of appealability.

A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has recognized that the "substantial showing" standard for a certificate of

ORDER - 1

appealability is relatively low. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A certificate of appealability should be granted for any issue that petitioner can demonstrate is debatable among jurists of reason, could be resolved differently by a different court, or is adequate to deserve encouragement to proceed further. *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002). Further, the court must resolve doubts about the propriety of a certificate appealability in the petitioner's favor. *Id.*

The issue is whether the district court has authority to grant an extension of time for filing a petition under 28 U.S.C. § 2255. (*See generally* 6/14/24 Order (Dkt. # 50).) As another district court in this Circuit recently observed, the answer to this question is "far from clear." *United States v. Braswell*, No. 1:18-cr-00034-ADA-BAM-1, 2023 WL 7528575, at *2 (E.D. Cal. Nov. 13, 2023) (compiling cases). *But see United States v. Asakevich*, 810 F.3d 418, 420-21 (6th Cir. 2016) ("No doubt, federal courts may permit equitable tolling of the § 2255 statute of limitations. But that grace period applies only to an actually filed § 2255 action." (citation omitted)). The court finds that the question presented is debatable among jurists of reason and should be answered by the Ninth Circuit to provide guidance and clarity to the district courts.

Thus, Mr. Strauss has made the substantial showing necessary under 28 U.S.C. § 2253(c)(2), and the court GRANTS Mr. Strauss a certificate of appealability. The court

//

//

//

//

1  further DIRECTS the Clerk to send a copy of this order to the Ninth Circuit Court of
2  Appeals.
3    Dated this 31st day of July, 2024.

JAMES L. ROBART
United States District Judge